JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION AS SUCCESSOR TRSUTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRSUTREE FOR THORNBURG MORTGAGE SECURITIES TRUST 2006-4,<br><br>Plaintiff,<br><br>v.<br><br>ANITA COREY; HARA HUMBERD, AND DOES 1 TO 10, inclusive,<br><br>Defendants. | CASE NO.  CV 14-9970-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on April 28, 2015. (Dkt. No. 4).  Finding the matter suitable for decision on the papers, this Court took the matter under submission on May 27, 2015.  (Dkt. No. 8).

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  *Id*.

Subject matter jurisdiction does not exist here.  First, federal question jurisdiction does not exist here as the only underlying cause of action, which is for unlawful detainer, sounds in state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300 (E.D. Cal. July 27, 2011); *Deutsche Bank v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, (C.D. Cal. Aug. 2011); *Fannie Mae v. Lemon*, 2011 U.S. Dist. LEXIS 82052, (C.D. Cal. July 26, 2011).  That Defendant may have a defense based in federal law is not sufficient to confer federal jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F. 3d 1179, 1183 (9th Cir. 2002).  Second, diversity jurisdiction does not exist here.  The underlying state court action is a limited civil action in which sought monetary damages cannot exceed $25,000 in recovery.  (*See* Dkt. No. 5 at Ex. 1).  Accordingly, diversity jurisdiction cannot exist here because the underlying Complaint and removal papers do not, and indeed cannot, allege damages in excess of $75,000.  (*Id.*).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No. 4).

Dated: June 4, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE